# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 30, 2025

Lyle W. Cayce
Clerk

No. 24-40834

———

Donald Lloyd Davis, Jr.,

*Plaintiff—Appellant*,

*versus*

Angela Ogbebar, *Texas Department of Criminal Justice Corrections Officer*,

*Defendant—Appellee*.

———

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:20-CV-381

———

Before Haynes, Duncan, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

State prisoner Donald Lloyd Davis, Jr., sued corrections officer Angela Ogbebar under 42 U.S.C. § 1983, for allegedly violating his rights under the Eighth Amendment by using excessive force against him while he was handcuffed and shackled. He appeals the jury's verdict in her favor and the district court's denial of his motion for a new trial. We AFFIRM.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-40834

I

Ogbebar and another officer were escorting Davis, who was wearing handcuffs and leg shackles, from the prison infirmary when he stopped moving.

According to Davis's trial testimony, the unit captain told him the officers would take him to the law library after his visit to the infirmary. When Davis realized Ogbebar and the other officer were taking him back to his cell, he stopped and placed his back against the wall. Ogbebar tried to pull him off the wall by his handcuffs, hurting his wrist and shoulder, and she ultimately "gassed" him with chemical spray without warning, causing him difficulty breathing.

Ogbebar testified that when Davis stopped moving, she and the other officer pushed him against a wall, and she directed him to go to his cell several times. Davis became aggressive and threatened to escape his handcuffs and beat her. When Davis attempted to remove his handcuffs, she grabbed the chain between them and tried to reason with him. Davis, who was "big[ger] . . . and taller than [her]," twisted her finger and kicked her.[1] Out of concern for officer safety, Ogbebar sprayed Davis in the head and neck with pepper spray.

The jury returned a verdict in Ogbebar's favor. After the district court entered a final judgment against Davis, he timely moved for a new trial on grounds that: (1) the jury's verdict was against the great weight of the evidence, (2) the district court erred in charging the jury, and (3) the district court erred in responding to the jury's note. The district court denied the motion. Davis appeals both the judgment and the denial of his motion.

---

[1] Ogbebar "weigh[ed] about 110 [pounds]."

2

No. 24-40834

## II

Davis first argues that the jury's verdict was against the great weight of the evidence. He did not move for judgment as a matter of law under Federal Rule of Civil Procedure 50(b) after the jury rendered its verdict. "Absent [a Rule 50(b)] motion, [the Supreme Court has] repeatedly held, an appellate court is 'powerless' to review the sufficiency of the evidence after trial." *Ortiz v. Jordan*, 562 U.S. 180, 189 (2011); *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 401–02 (2006); *Downey v. Strain*, 510 F.3d 534, 543–44 (5th Cir. 2007).

## III

Davis next challenges four of the instructions given to the jury

Preserved challenges to jury instructions are generally reviewed "under an abuse of discretion standard," but unpreserved challenges are reviewed only for plain error. *HTC Corp. v. Telefonaktiebolaget LM Ericsson*, 12 F.4th 476, 483–84 (5th Cir. 2021) (internal quotation marks and citation omitted); Fed. R. Civ. P. 51(d)(2). Although the parties dispute whether Davis properly preserved his challenges, we need not decide this issue because his challenges fail regardless of the applicable standard.

## A

Davis's challenges to two instructions—the instruction on nominal damages and the instruction given in response to a jury note—consist of a single conclusory sentence and/or cite no authority in support. "A party who inadequately briefs an issue [on appeal] is considered to have abandoned the claim." *Hernandez v. Causey*, 124 F.4th 325, 335 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 1930 (2025) (quoting *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994)); *see* Fed. R. App. P. 28(a)(8)(A). By failing to adequately brief them, Davis abandoned his challenges to these two instructions.

No. 24-40834

B

Davis also challenges the jury instructions on prison rules and regulations and on qualified immunity. He argues that the prison rules and regulations instruction erroneously "overemphasized whether . . . Ogbebar violated prison regulations . . . rather than [] whether she violated the Eighth Amendment." He also claims that the qualified immunity instruction failed to define certain terms.

"[A] party challenging jury instructions 'must demonstrate that the charge as a whole creates substantial and ineradicable doubt whether the instructions properly guided the jury in its deliberations.'" *Trabucco v. Rivera*, 141 F.4th 720, 730 (5th Cir. 2025) (quoting *Puga v. RCX Sols., Inc.*, 922 F.3d 285, 291–92 (5th Cir. 2019). "This court will not reverse unless the instructions taken as a whole do not correctly reflect the issues and law." *Id.* (internal quotation marks and citation omitted).

Here, the district court instructed the jury that a prison's "internal rules and regulations do not alone create federally-protected rights and a prison official's failure to follow prison policies or regulations does not establish a violation of a constitutional right." This is a correct statement of the law. *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017). The court also instructed the jury that Davis had to "prove by a preponderance of the evidence that" the force Ogbebar used was excessive to the need for force and that he suffered harm as a result. It explained that force is excessive if it is applied "maliciously or sadistically to cause harm" rather than "in a good-faith effort to maintain or restore discipline[.]" Davis has not shown that, taken as a whole, the jury instructions did not correctly reflect the law on his Eighth Amendment excessive force claim.

As for the qualified immunity instruction, Davis appears to concede that it correctly stated that "the clearly established law at the time was that

4

prison inmates have the constitutional right to be free from excessive and unnecessary force." And as noted, the excessive force instruction correctly addressed whether Ogbebar used force that was excessive to the need for force. Davis has not shown that additional definitions were necessary.

Even if Davis preserved his challenges to the instructions on prison rules and regulations and on qualified immunity, he has not shown that the district court abused its discretion.

IV

Finally, Davis argues that the district court erred in denying his motion for a new trial because the jury's verdict was against the great weight of the evidence.

"The denial of a Rule 59 motion for a new trial is reviewed for abuse of discretion." *Trabucco*, 141 F.4th at 733 (citation omitted). "When reviewing the denial of a motion for new trial, all the factors that govern our review of [the trial court's] decision favor affirmance, and we must affirm the verdict unless the evidence—viewed in the light most favorable to the jury's verdict—points so strongly and overwhelmingly in favor of one party that the court believes that reasonable men could not arrive at a contrary [conclusion]." *Id.*

Although Ogbebar's use of force was undisputed, the jury heard conflicting testimony about whether Davis resisted the officers, made threats, or attempted to remove his restraints. The jury also heard testimony about whether Ogbebar perceived Davis as an immediate threat to safety. The evidence regarding whether the force she used was excessive under the circumstances does not point so "strongly and overwhelmingly" in Davis's

No. 24-40834

favor that reasonable jurors could not have reached their verdict.[2] *See Streamline Prod. Sys., Inc. v. Streamline Mfg., Inc.*, 851 F.3d 440, 450 (5th Cir. 2017). Davis has not shown that the district court abused its discretion by denying his motion for a new trial. *See id.*; *McCaig v. Wells Fargo Bank (Tex.), N.A.*, 788 F.3d 463, 472 (5th Cir. 2015).

AFFIRMED.

---

[2] To the extent Davis argues that the "trial was unfair and marred by prejudicial error" based on the instruction given in response to the jury's note, that argument fails because Davis has not shown any abuse of discretion related to that instruction.